

FILED

SEP 26 2016

Clerk, U.S. District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-150-BLG-SPW |
| Plaintiff, | |
| vs. | OPINION & ORDER |
| CHANCE BILLY JOE DEHART, | |
| Defendant. | |

Before the Court is Defendant Chance Billy Joe Dehart's motion for production of material relating to a cell phone used by the Confidential Informant Dehart allegedly sold methamphetamine to on a number of occasions. (Doc. 20). Dehart makes the motion under Federal Rule of Criminal Procedure 16. Specifically, Dehart requests the records pertaining to the cell phone used by the CI or, if the records are unavailable, an opportunity to examine the cell phone itself. Dehart also requests any plea bargains or other agreements which were entered into between the CI and the government. For the reasons set forth below, the motion is DENIED.

**I.  Legal Standard and Discussion.**

Federal Rule of Criminal Procedure 16 provides a defendant with "a broad right of discovery." *United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010).

1

Under the rule, the government has a "continuing duty" to disclose: (1) the defendant's oral, written or recorded statements, (2) the defendant's prior criminal record, (3) documents and tangible objects within the government's possession that (i) are material to the preparation of the defendant's defense, (ii) are intended for use by the government as evidence in chief at the trial, or (iii) were obtained from or belong to the defendant; (4) reports of examinations and tests that are material to the preparation of the defense; and (5) written summaries of expert testimony that the government intends to use during its case in chief at trial. Fed. R. Crim. P. 16(a), (c).

Rule 16 is triggered "upon a defendant's request" and captures only "documents within the federal government's actual possession, custody, or control." *United States v. Gatto*, 763 F.2d 1040, 1049 (9th Cir.1985). Rule 16 places no obligation on the government "to turn over materials not under its control." *Gato*, 763 F.2d at 1049.

The materials and cell phone Dehart requests are, and were, not in the Government's possession. As such, the Government has no discovery obligation under Rule 16 to provide the materials. Dehart's request for plea bargains or other agreements entered into between the CI and the government is redundant because the government has an ongoing obligation to disclose that information under *Brady*

*v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

Accordingly, Dehart's motion (Doc. 20) is DENIED.

DATED this 26th day of September 2016.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge